REGAN, Judge.
The plaintiff, Juanita Tyler, individually and as tutrix of her minor child Barbara *207 Sims filed this suit against The Jefferson Parish School Board, endeavoring to recover $1,188.85 representing hospital and future doctor bills and $250,000 for Barbara’s pair and suffering and permanent disability which she asserts was incurred as the result of the negligence of the defendants in permitting children to frequently use a door constructed so as to have a large double strength glass panel above the door’s “panic bar,” which is a convenient and rapid door opening device.
The defendants answered and denied the plaintiff’s accusations of negligence and then asserted that the sole and proximate cause of Barbara’s injuries resulted from her fault.
Following a trial on the merits, judgment was rendered in favor of defendant. From that judgment, plaintiff has prosecuted this appeal.
The only significant questions posed for our consideration are whether the trial court erred in finding Barbara Sims negligent and in not holding the School Board liable as a result of its negligence.
The record discloses that on February 7, 1968, Barbara Sims, a 12 year old, sixth grade student who was matriculating at Washington Elementary School in Kenner, Louisiana, severely injured her right hand when she attempted to exit from a door designed with a “panic bar” located below 3 glass panels which the record shows are of double strength.
Plaintiff contends that Barbara made several unsuccessful efforts to open the door before her hand slipped and penetrated the glass panels.
Barbara explained that she had slowly approached the door and after stopping looked back toward her friend. Another student testified that she had preceded Barbara out of the building and that from her vantage point, outside of the exit door Barbara appeared to be experiencing some difficulty in opening the door immediately before her hand broke the glass panel.
A teacher testified that from her classroom she possessed an excellent view of the accident area and part of the hall through which Barbara emerged. After hearing loud noises and laughter she observed Barbara running through the hallway as if being chased by a group of girls when she struck the door injuring her hand.
After evaluating all of the evidence adduced herein the trial court in its reasons for judgment rationalized that the child was engaged in horseplay with a friend when she was injured and that she was negligent in rushing toward the door and in extending her hand so as to hit the “panic bar” while her head was turned in the opposite direction.
The record discloses these salient facts which support the trial court’s factual conclusions : The teacher testified Barbara had been running toward the door; Barbara admits looking back for her friend after reaching the door; Barbara concedes that there was no slippery substance on the “panic bar”; and that there had been no complaints of difficulty with respect to the use of the door. In fact the door had been efficiently opened immediately prior to and after the accident.
In view of these facts, we can not reason that the trial court erred in reaching the conclusion that the proximate cause of the child’s injuries emanated from her own fault.
The legal test laid down by the Supreme Court in Plauche v. Consolidated Companies, 235 La. 692, 105 So.2d 269 (1958) is to the effect that a 12 year old child may be guilty of contributory negligence. “But such a child’s caution must be judged by his [or her] maturity and capacity to evaluate circumstances in each particular case, and he must exercise only the care expected of his age, intelligence and experience.”
In applying that yardstick to the facts adduced herein we are compelled to reach the inevitable conclusion that a 12 year old *208 girl of normal intelligence should be aware of the danger of rushing toward a glass paneled door with her hand reaching for the “panic bar” when she was looking in the opposite direction.
Since we have concluded that Barbara’s negligence was the proximate cause of the accident, we need not consider the interesting question of whether the school board was negligent.[1]
For the foregoing reasons the judgment of the lower court is affirmed. All costs incurred herein are to be paid by the plaintiff.
Affirmed.

. Sullivan v. Birmingham Fire Insurance Co. of Pa., La.App., 185 So.2d 336 (4th Cir. 1966).